Reichard vs. Michinard et al.

---

## No. 6828.

### AUGUSTE REICHARD VS. F. MICHINARD ET AL.

#### ON THE MOTION TO DISMISS.

The defects in the Transcript not being attributable to Appellant, the Appeal should not be dismissed.

The opinion of the Court was delivered by

EGAN, J. The motion to dismiss this appeal is based upon the absence from the transcript of certain documents offered in evidence in the court below, which have been since supplied under certiorari. The date of the writ of seizure and sale is an evident clerical error, as appears from the sheriff's return and the date of reception and notice of the writ therein named. This indicates carelessness in the clerk who made out the transcript; but the error is not sufficiently material to affect the merits of the controversy, and is in no way attributable to the appellant.

The motion to dismiss is overruled.

#### ON THE MERITS.

In a suit for the balance remaining due on a mortgage note after seizure and sale of the mortgage property, Defendant cannot plead such defences as this: that the property did not sell for its full value because sold in block.

Whether taxes due on the property were recorded or not, Defendant cannot recover the amount paid for them by the sheriff out of the price of sale.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

---

*H. D. Ogden* for Plaintiff and Appellee:

Plaintiff obtained order of seizure and sale on mortgage note. The property was sold, and was insufficient to pay plaintiff's claim, and the balance due is $1122 82. This suit is for this balance. The only questions are: 1st, Was the sale in block legal? 2d, Was the sheriff or the plaintiff authorized to pay the taxes due on the property?

We think that we have shown conclusively that, under the facts, the sale in block was legal and cannot now be attacked; and 2d, that it was the duty of the sheriff to see that the taxes were paid.

*F. Michinard* for Defendants and Appellants:

First—Art. 676, C. P., is framed with direct reference to execution sales to be made under appraisement, and not to sales in which appraisement has been waived.

Second—The unrecorded privilege for State and city taxes which have accrued before the execution of a conventional mortgage in favor of a third person, does not prime the latter's right of preference.

Third—In such case. the latter, instead of suffering the unrecorded taxes to be paid, should take steps to assert his priority.

The opinion of the Court was delivered by

Todd, J. The plaintiff being the holder of a promissory note executed by the defendant, F. Michinard, and secured by mortgage, caused the mortgaged property to be sold under executory process on the 13th July, 1874. After paying the taxes on the property, costs, etc., there remained unpaid of the mortgage debt, according to the sheriff's return, on the writ of seizure, $1122 02, for which balance the present suit was brought.

The defense is:

1st. That the sale of the mortgaged property, which consisted of certain lots and the buildings thereon, in the City of New Orleans, was illegal because sold in block.

2d. That neither the sheriff nor the plaintiff was authorized to pay the tax-bills, and that the legal costs and charges are excessive and enormous, and not justly due by the defendant.

Judgment was rendered for the amount claimed, which was subsequently reduced by $7 50 remitted, and from this judgment the present appeal was taken.

First. The entire property sold was included in one act of mortgage, to foreclose which the sale was made. There is no evidence in the record to show that the defendant objected at the time to the sale in block, or asked that the lots be sold separately. The sale of the mortgaged property in block, in the absence of any objection to such mode of sale or demand on the sheriff to sell it in distinct and separate parts, was legal and proper. 10 R. 473, 474. The objection coming at this late day, and in this proceeding, cannot avail the defendant.

It might be proper to urge objections of this character in a direct action to annul the sale, but they cannot be considered in such an action as the present one, where no relief looking to the nullity of the sale is asked. If it be true that the sale in block caused the property to be sold at a sacrifice, as charged, the evidence in the record does not enable us to make an estimate of the loss or damage sustained from this cause.

Second. The defendant claims credit for $360 43, which he alleges was the amount applied by the sheriff to the payment of taxes as re-

tained by him out of the proceeds of the sale for that purpose, and which he avers was misapplied and should have gone to his credit on the mortgage debt, for the reason that there had been no registry made of the tax-bills prior to the inscription of the mortgage, and that, therefore, the mortgage primed the debt for taxes, and was entitled to be paid in preference thereto.

There is no evidence in the record to show that the defendant at the time opposed such application of the funds derived from the sale; nothing to show that he did not acquiesce in such application or distribution, and no complaint is heard from him until it is set up in his answer to this suit, which was filed several months after the sale. Nor is there any doubt but that the taxes were owing by him, whether they imported a superior privilege or not on the property. They constituted at least an obligation against him. One thing is certain, that the plaintiff received from the sale of the mortgaged property only $313 90, leaving an apparent balance on his debt to the amount of the judgment rendered in the court below. And it is equally certain that the residue of the proceeds, after satisfying the costs, was appropriated to the discharge of a debt for taxes on the property.

Notwithstanding this, his proposition is virtually that he is entitled to recover this sum thus applied to his benefit, and to the payment of his debt from the plaintiff, or that the plaintiff must lose it.

We cannot assent to this proposition.

Section 3615 of the Revised Statutes provides that:

"Hereafter neither recorders, sheriffs, notaries, throughout the State, nor other persons authorized to convey real estate by public act, shall pass or execute any act for the sale, transfer or exchange of any real estate situated within said parish, unless the State, parish and municipal taxes due on the same be first paid, to be shown by the tax collector's receipt or certificate to that purpose."

And the section next following imposes a penalty for a violation of this requirement.

These provisions were, doubtless, the authority under which a part of the funds were applied by the sheriff to the payment of all taxes on the property due and exigible at the time of sale.

Whether under these express provisions the sheriff was authorized in this case to disregard their mandate and make a different imputation, it is not necessary for us to decide. It is sufficient to say that under the facts and circumstances recited, and for the reasons given, we do not think that the defendant is entitled to recover the amount in question from the plaintiff, or have it taken from the mortgage debt.

We see no error in the judgment, and it is, therefore, affirmed with costs.